UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22727-CIV-ALTMAN/Reid

JAHEL GONZALEZ,

    *Plaintiff*,

v.

1350 S DIXIE LLC
d/b/a Thesis Hotel Miami, *et al.*,

    *Defendants*.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

On October 19, 2022, the Plaintiff filed a Motion for Clerk's Entry of Default as to Defendants 1350 S Dixie LLC d/b/a Thesis Hotel Miami and NRI Real Token Tenant, LLC d/b/a Thesis Hotel Miami [ECF No. 19]. The Clerk entered default against those Defendants later that same day [ECF No. 20] and, on our review of the record, it appears that those Defendants have indeed failed to respond to the Complaint or otherwise appear in this action. Therefore, the Court hereby **ORDERS AND ADJUDGES** that the Plaintiff must file one of the following two responses by **November 7, 2022**:

(1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability and no possibility of inconsistent liability between the Defendants, the Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits that delineate any sums certain due by the Defendants and any other supporting documentation which might be necessary to determine

---

[1] If there are multiple defendants, the Plaintiff must note in the *motion for default final judgment* that there are no allegations of joint and several liability and explain why there is no possibility of inconsistent liability.

the Plaintiff's measure of damages. The *motion* shall also be accompanied by: (1) the affidavit required by the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment.[2] In accordance with the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at [altman@flsd.uscourts.gov](altman@flsd.uscourts.gov). The Plaintiff shall send a copy of the *motion* to the Defendants' counsel or to the Defendants if the Defendants do not have counsel. In the certificate of service, the Plaintiff shall note that notice was sent and identify the addresses to which that notice was sent.

If the Defendants fail to move to set aside the Clerk's Default or to respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that the Plaintiff may be able to take the Defendants' property or money, and/or obtain other relief against the Defendants.

(2) Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between the Defendants, the Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all of the Defendants, the Plaintiff may move for the entry of default final judgment against the Defendants, as described in (1) above, no later than 14 days after liability is resolved against all Defendants.

---

[2] These last two are required by Local Rule 7.1(a)(2). The proposed order shall set out—in detail—the reasons why the Plaintiff is entitled to relief. *Cf. Out-Grow, LLC v. Miami Mushroom*, 2021 WL 2823266, at *3 (S.D. Fla. July 7, 2021) (Altman, J.) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015))).

\*\*\*

The Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time *will* result in a **dismissal** without prejudice of the Plaintiff's claims against the Defendant(s).

In the meantime, the Clerk shall administratively **CLOSE** this case without prejudice to the parties. If either remaining Defendant moves to set aside the Clerk's default entered, any party may ask to reopen the case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida, this 24th day of October 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record