UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22727-RKA

JAHEL GONZALEZ and others similarly
situated individuals,

        Plaintiff(s),

v.

1350 S DIXIE LLC, d/b/a THESIS HOTEL
MIAMI; NRI TOKEN TENANT, LLC, d/b/a
THESIS HOTEL MIAMI; BRENT REYNOLDS,
Individually; HERSHA HOSPITALITY
MANAGEMENT, L.P. d/b/a Thesis Hotel
d/b/a Sheraton Miami Airport;
LINK SERVICES CC CORP;
and NASSIM N. CHAURIYE, SR.,
individually,

        Defendants.
_____/
1350 S DIXIE LLC,
NRI TOKEN TENANT, LLC, and
HERSHA HOSPITALITY MANAGEMENT, L.P.,

        Third-Party Plaintiffs,

v.

LINK HOSPITALITY, CORP.

        Third Party Defendant.
_____/

## THIRD-PARTY COMPLAINT

        Defendants/Third-Party Plaintiffs, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and

HERSHA HOSPITALITY MANAGEMENT, L.P., pursuant to Federal Rule of Civil Procedure

14, hereby file this Third-Party Complaint, and names as a party, LINK HOSPITALITY, CORP.,

who agreed to indemnify Third-Party Plaintiffs with respect to the payment of wages, benefits, or other compensation and with respect to the obligation to comply with minimum wage laws and overtime laws. In support of this Third-Party Complaint, Defendants/Third-Party Plaintiffs state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      1350 S DIXIE LLC is a Delaware limited liability company doing business in the Southern District of Florida, with a principal place of business in New Castle, Delaware.

2.      NRI REAL TOKEN TENANT, LLC is a Delaware limited liability company doing business in the Southern District of Florida, with a principal place of business in New Castle, Delaware.

3.      Both 1350 S DIXIE LLC and NRI REAL TOKEN TENANT, LLC own the fictitious name THESIS HOTEL ("the Hotel").

4.      HERSHA HOSPITALITY MANAGEMENT, L.P. is a Pennsylvania limited partnership doing business in the Southern District of Florida, with a principal place of business in Philadelphia, Pennsylvania.

5.      LINK HOSPITALITY, CORP. is a Florida corporation doing business in the Southern District of Florida, with a principal place of business in Miami Beach, Florida.

6.      JAHEL GONZALEZ worked for LINK HOSPITALITY, CORP. from April 11, 2021 through July 3, 2021 and was assigned to work as a Guest Room Attendant at the Hotel.

7.      JAHEL GONZALEZ worked for HERSHA HOSPITALITY MANAGEMENT, L.P. from November 23, 2021 until March 20, 2022 as a Guest Room Attendant at the Hotel.

8.      Venue is proper in this District as this is the location in which Plaintiff, JAHEL GONZALEZ, has sued Third-Party Plaintiffs, this is the location of the Hotel that is the subject of

this litigation, and the Talent Services Agreement ("Talent Agreement") (attached hereto as **Exhibit A)** provides that all disputes regarding this Agreement shall be resolved in Miami-Dade County, Florida.

9. This Third-Party Complaint arises from the Talent Agreement entered into on June 26, 2020 by the Hotel and Link Hospitality Corp. (Exhibit A) and the Standard Staffing Addendum ("Staffing Addendum") effective as of July 22, 2022 between the Hotel and Link Hospitality Corp. (attached hereto as **Exhibit B)**.

## <u>GENERAL ALLEGATIONS</u>

10. On November 9, 2021, 1350 S DIXIE LLC entered into a Management Agreement with HERSHA HOSPITALITY MANAGEMENT, L.P. whereby HERSHA HOSPITALITY MANAGEMENT, L.P. would operate the Hotel.

11. On November 9, 2021, 1350 S DIXIE LLC and NRI REAL TOKEN TENANT, LLC entered into a Lease Agreement wherein NRI REAL TOKEN TENANT, LLC is granted a leasehold estate in and a right to occupy and utilize the land on which the Hotel sits and the Hotel.

12. On November 11, 2021, 1350 S DIXIE LLC assigned the Management Agreement to NRI REAL TOKEN TENANT, LLC.

13. On June 26, 2020, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, HERSHA HOSPITALITY MANAGEMENT, L.P. and LINK HOSPITALITY, CORP. entered into the Talent Agreement with regard to the Hotel.

14. As a result of the Management Agreement, HERSHA HOSPITALITY MANAGEMENT, L.P. became the representative of the Hotel with regard to staffing.

15. Pursuant to the Talent Agreement, LINK HOSPITALITY, CORP. "which specializes in providing professional hospitality talent" agreed to "provide all staffing" for Guest Room Attendants.  Exhibit A at p. 2 and Exhibit A.

16. Pursuant to the Talent Agreement, LINK HOSPITALITY, CORP.  also provided the Hotel with a Housekeeping Supervisor.  Exhibit A at Exhibit A.

17. On July 22, 2020, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, HERSHA HOSPITALITY MANAGEMENT, L.P. and LINK HOSPITALITY, CORP. entered into a Staffing Addendum to "provide to [the] Hotel staffing and labor services … for cleaning, housekeeping."  Exhibit B, p. 1 ¶ 2.

18. Pursuant to the Talent Agreement, all employees provided are referred to as "Contract Employees." Exhibit A, p. 2.

19. Pursuant to the Talent Agreement, LINK HOSPITALITY, CORP. was to "be responsible for all aspects of Contract Employees' recruiting, hiring, onboarding, counseling, promoting, remuneration, and all taxes related." Exhibit A, p. 2.   Additionally, LINK HOSPITALITY, CORP. "shall be responsible for the payroll, scheduling, and disciplinary actions of its employees." Exhibit A, p. 4.

20. Pursuant to the Talent Agreement, LINK HOSPITALITY, CORP. agreed to comply with all federal laws. Exhibit A, p. 4.

21. Pursuant to the Staffing Addendum,  LINK HOSPITALITY, CORP. was required to comply with "any and all applicable Laws, including . . . all minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §203(s)(1)(A) (the "FLSA"), including, but not limited to, Sections 6, 7, and 11 (c) of the FLSA,

and shall remain in full compliance with such laws and other similar local laws at all times that it performs Services under this Agreement." Exhibit B, p. 4 ¶ 10.

22.     LINK HOSPITALITY, CORP. represented in the Staffing Addendum that it was "in full compliance with the FLSA." Exhibit B, p. 4 ¶ 10.

23.     Pursuant to the Talent Agreement, LINK HOSPITALITY, CORP. agreed to hold harmless the Hotel and its Owner "and be solely responsible for paying and keeping all records required for wage and hour purposes, including exemption certificates, wages, withholding taxes, social security taxes, workmen's compensation coverage and payments, unemployment insurance and other taxes or insurance including worker's compensation insurance incident to employment." Exhibit A, p. 6.

24.     Pursuant to the Staffing Addendum, LINK HOSPITALITY, CORP. agreed to indemnify, defend, and hold the Hotel, Hersha Hospitality Management, L.P. and their affiliates harmless "against any loss, cost, damage or expense (including reasonable attorneys' fees) ("Loss") incurred by the [the Hotel and Hersha Hospitality Management, L.P.] arising out of, or in connection with: . . . (iii) claims against any of the [the Hotel and Hersha Hospitality Management, L.P.] with respect to [LINK HOSPITALITY, CORP.]'s obligation for the payment of wages, benefits, or other compensation, insurance coverage, taxes, penalties, or expenses as provided in Section 11 (b) below; (iv) claims against any of the [Hotel and Hersha Hospitality Management, L.P.] with respect to [LINK HOSPITALITY, CORP.]'s obligation to comply with minimum wage laws, overtime laws, record keeping laws and/or any other laws, statutes, and rules and/or regulations; (v) the negligent acts or omissions of [LINK HOSPITALITY, CORP.] or its Personnel; (vi) the non-performance or breach of any provision this Agreement by [LINK HOSPITALITY, CORP.] or its Personnel including but not limited

to obligations assumed and representations and warranties made in Section 7 above; (vii) any breach or misrepresentation of any representation or warranty made herein by [LINK HOSPITALITY, CORP.], including but not limited to, obligations assumed and representations and warranties made in Section 7 above; (viii) except for purposes of workers compensation responsibility and liability as provided in Section (b) below, claims against any of the [Hotel and Hersha Hospitality Management, L.P.] alleging an employment relationship with [LINK HOSPITALITY, CORP.] or its Personnel; and (ix) the performance of the services (including the Services) hereunder by [LINK HOSPITALITY, CORP.] or its Personnel. In addition, [LINK HOSPITALITY, CORP.] agrees to secure insurance coverage available to it for purposes of Indemnifying [the Hotel and Hersha Hospitality Management, L.P.] hereunder. Exhibit B at p. 5.

25.     On August 26, 2022, JAHEL GONZALEZ filed suit against 1350 S DIXIE LLC, NRI REAL TOKEN TENANT, LLC, BRENT REYNOLDS, LINK SERVICES CC CORP, and NASSIM N. CHAURIYE, SR. alleging wage and hour violations for failure to pay overtime in violation of the FLSA. (D.E. 1).

26.     On October 18, 2022, JAHEL GONZALEZ voluntarily dismissed, without prejudice, her claims against BRENT REYNOLDS, LINK SERVICES CC CORP, and NASSIM N. CHAURIYE, SR. (D.E. 18).

27.     On October 26, 2022, 1350 S DIXIE LLC and NRI REAL TOKEN TENANT, LLC denied the allegations in the Complaint and raised the affirmative defense that JAHEL GONZALEZ had failed to name her employers, LINK HOSPITALITY, CORP. and HERSHA HOSPITALITY MANAGEMENT L.P., which were indispensable parties.  (D.E. 26).

28. On December 23, 2022, after obtaining leave of Court, JAHEL GONZALEZ, filed a First Amended Complaint against 1350 S DIXIE LLC, NRI REAL TOKEN TENANT, LLC, HERSHA HOSPITALITY MANAGEMENT, L.P., LINK SERVICES CC CORP., and NASSIM CHAURIYE, SR. alleging unpaid overtime wages in violation of the FLSA. (D.E. 37).

29. On January 3, 2023, 1350 S DIXIE LLC, NRI REAL TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT responded to the First Amended Complaint denying the allegations and raising the failure to name JAHEL GONZALEZ's employer, LINK HOSPITALITY, CORP. in the First Amended Complaint.  (D.E. 41).

30. HERSHA HOSPITALITY MANAGEMENT terminated the Talent Agreement and Staffing Addendum with LINK HOSPITALITY GROUP effective on May 24, 2022.

31. The indemnity provisions of the Talent Agreement and Staffing Addendum apply to JAHEL GONZALEZ's claims because those claims arose while the Talent Agreement and Staffing Agreement were in effect.

32. The Talent Agreement provides for prevailing party legal fees and costs.

### COUNT I
### Breach of Talent Services Agreement

33. 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P., re-allege the allegations contained in paragraphs 1 through 32 above as fully set forth therein.

34. This is an action for breach of contract against LINK HOSPITALITY, CORP.

35. As set forth above, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, HERSHA HOSPITALITY MANAGEMENT, L.P. and LINK HOSPITALITY, CORP. and LINK HOSPITALITY, CORP. entered into a Talent Agreement.

36.      LINK HOSPITALITY, CORP. had a duty to defend, indemnify, and hold harmless 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P.

37.      LINK HOSPITALITY, CORP. had a duty to 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. to comply with the duties, requirements, and provisions of the Talent Services Agreement including compliance with wage laws and the indemnity provisions.

38.      LINK HOSPITALITY, CORP. has breached its obligations under the Talent Agreement by allegedly violating the FLSA and by failing to indemnify and hold harmless 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. from and against any and all actions, costs, claims, losses, expenses and/or damages, including attorneys' fees in connection with the claim by JAHEL GONZALEZ, a LINK employee, relating to her performance of services.

39.      1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. have suffered damages as a direct result of LINK HOSPITALITY, CORP.'s breach of the Talent Agreement.

WHEREFORE, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. demand monetary damages for the breach including attorney's fees and costs and such other and further relief as the Court deems just and proper.

### COUNT II
### Breach of Standard Staffing Addendum

40.      1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. re-allege the allegations contained in paragraphs 1 through 32 above as fully set forth therein.

41.     This is an action for breach of contract against LINK HOSPITALITY, CORP.

42.     As set forth above, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. entered into a Staffing Addendum.

43.     LINK HOSPITALITY, CORP. had a duty to defend, indemnify, and hold harmless 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P.

44.     LINK HOSPITALITY, CORP. had a duty to 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. to comply with the duties, requirements, and provisions of the Staffing Addendum including compliance with wage laws and the indemnity provisions.

45.     LINK HOSPITALITY, CORP. has since breached its obligations under the Staffing Addendum by failing to indemnify and hold harmless 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. from and against any and all actions, costs, claims, losses, expenses and/or damages, including attorneys' fees in connection with the claim by JAHEL GONZALEZ for the payment of wages.

46.     1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. have suffered damages as a direct result of LINK HOSPITALITY, CORP.'s breach of the Staffing Addendum.

WHEREFORE, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. demand monetary damages for the breach including attorney's fees and costs including attorney's fees and costs and such other and further relief as the Court deems just and proper.

**COUNT III**
**COMMON LAW INDEMNITY**

47.     1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. re-allege the allegations contained in paragraphs 1 through 32 above as fully set forth therein.

48.     1350 S DIXIE LLC and NRI TOKEN TENANT, LLC are without fault with regard to JAHEL GONZALEZ's claim of unpaid wages and overtime.

49.     HERSHA HOSPITALITY MANAGEMENT, L.P. employed JAHEL GONZALEZ from November 23, 2021 until March 20, 2022 and is without fault with regard to unpaid wages and overtime for the period from January 2021 through November 23, 2021 and after March 20, 2022.

50.     Upon information and belief, JAHEL GONZALEZ worked for LINK HOSPITALITY CORP. at the Hotel from April 25, 2021 through July 3, 2021.

51.     JAHEL GONZALEZ is seeking to hold Third-Party Plaintiffs for a wrong committed by LINK HOSPITALITY CORP.

52.     Third-Party Plaintiffs and LINK HOSPITALITY CORP. had a special relationship that makes Third-Party Plaintiffs vicariously, constructively, derivately, or technically liable for the acts or omissions of LINK HOSPITALITY CORP.

53.     LINK HOSPITALITY CORP. is liable and responsible for any liability imposed upon Third-Party Plaintiffs as a result of JAHEL GONZALEZ's employment prior to November 23, 2021 and after March 20, 2022.

54.     If Third-Party Plaintiffs are held liable to JAHEL GONZALEZ in any respect, then any such liability is wholly due to the conduct of LINK HOSPITALITY CORP.

WHEREFORE, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. demand indemnification from LINK HOSPITALITY

CORP. for any sums paid to JAHEL GONZALEZ together will all costs and attorneys' fees expended in the defense and prosecution of this action and further relief as the Court deems just and proper.

**COUNT III**
**COMMON LAW CONTRIBUTION**

55.     1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. re-allege the allegations contained in paragraphs 1 through 32 and 48-54 above as fully set forth therein.

56.     Alternatively, this is an action for contribution against LINK HOSPITALITY CORP. who is or may be liable to 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P.for all or part of JAHEL GONZALEZ's claims against 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P.

56.     If  it is ultimately determined that 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. are liable to JAHEL GONZALEZ, then 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. are entitled to contribution from LINK HOSPITALITY CORP. based on, among other things its own acts or omissions that allegedly jointly contributed to and resulted in JAHEL GONZALEZ's damages.

57.     Any liability to JAHEL GONZALEZ based on allegations in the Amended Complaint are a joint legal liability shared with LINK HOSPITALITY CORP. for which LINK HOSPITALITY CORP. bears comparative, proportionate or pro rata responsibility.

58.     1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. are entitled to contribution from LINK HOSPITALITY CORP. to the

extent 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. are liable to JAHEL GONZALEZ for any amount in excess of its pro rata share of responsibility, and requests that any liability of 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. be apportioned accordingly.

WHEREFORE, 1350 S DIXIE LLC, NRI TOKEN TENANT, LLC, and HERSHA HOSPITALITY MANAGEMENT, L.P. demand contribution from LINK HOSPITALITY CORP. for its pro rata share of responsibility together will all costs and attorneys' fees expended in the defense and prosecution of this action and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of January, 2023.

/s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez
Florida Bar No. 821690
FordHarrison
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131 Telephone: (305) 808-2143 Facsimile: (305) 808-2101
erodriguez@fordharrison.com
Attorneys for Defendants,
1350 S DIXIE LLC, NRI REAL TOKEN TENANT, LLC, BRENT REYNOLDS, and HERSHA HOSPITALITY MANAGEMENT, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2023, I electronically filed the foregoing document with the Florida E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by Florida E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Elizabeth M. Rodriguez*

Elizabeth M. Rodriguez

## SERVICE LIST

R. Martin Saenz
E-Mail: msaenz@saenzanderson.com
Julisse Jimenez
E-Mail: julisse@saenzanderson.com
Tanesha W. Blye
E-Mail: tblye@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Counsel for Plaintiff

Link Hospitality Corp.
c/o NRI Services, Inc., Registered Agent
1200 South Pine Island Rod
Plantation, FL 33324
And
c/o Christian Longo, Director, President, Secretary and Treasurer
407 Lincoln Road, Suite 2-K
Miami Beach, FL 33139

WSACTIVELLP:13724027.1