UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:22-cv-22727-RKA

| | |
|---|---|
| **JAHEL GONZALEZ**, and other similarly situated individuals,<br><br>Plaintiff(s),<br><br>v.<br><br>**1350 S DIXIE LLC** d/b/a THESIS HOTEL MIAMI; **NRI REAL TOKEN TENANT, LLC** d/b/a THESIS HOTEL MIAMI; **HERSHA HOSPITALITY MANAGEMENT, LP** d/b/a Thesis Hotel d/b/a Sheraton Miami Airport; **LINK HOSPITALITY CORP.,** f/k/a **LINK SERVICES CC CORP**; and **NASSIM N. CHAURIYE, SR.**, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, JAHEL GONZALEZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, 1350 S DIXIE LLC d/b/a Thesis Hotel Miami; NRI REAL TOKEN TENANT, LLC d/b/a Thesis Hotel Miami; HERSHA HOSPITALITY MANAGEMENT, LP d/b/a Thesis Hotel d/b/a Sheraton Miami Airport; LINK HOSPITALITY CORP., f/k/a LINK SERVICES CC CORP; and NASSIM N. CHAURIYE, SR., individually (collectively the "Defendants") and allege:



www.saenzanderson.com

1

## JURISDICTION

1.      This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

2.      Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.      1350 S DIXIE LLC d/b/a Thesis Hotel Miami; NRI REAL TOKEN TENANT, LLC d/b/a Thesis Hotel Miami; LINK HOSPITALITY CORP., f/k/a LINK SERVICES CC CORP, and  HERSHA HOSPITALITY MANAGEMENT, LP d/b/a Thesis Hotel d/b/a Sheraton Miami Airport (the "Corporate Defendants"); and NASSIM N. CHAURIYE, SR. (the "Individual Defendant"), have their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

4.      Defendants 1350 S DIXIE LLC and NRI REAL TOKEN TENANT, LLC (the "Thesis Defendants" share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

5.      HERSHA HOSPITALITY MANAGEMENT, LP, is a Pennsylvania limited liability partnership, d/b/a Thesis Hotel d/b/a Sheraton Miami Airport and provides management solutions to hotels and manages the Thesis Hotel in Miami, FL, where Plaintiff was employed.



www.saenzanderson.com

2

6. Thesis Defendants own and/or operate a hotel called the Thesis Hotel Miami in Coral Gables, Florida. In addition, Thesis Defendants supervise and control the work and the hours worked by employees who physically work at the Thesis Hotel Miami in Coral Gables.

7. Thesis Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8. LINK SERVICES CC CORP is a dissolved staffing company owned and operated by Defendant NASSIM N. CHAURIYE, SR. LINK HOSPITALITY CORP. is a Florida corporation and upon information and belief is the successor in interest for LINK SERVICES CC CORP. Both LINK SERVICES CC CORP., and LINK HOSPITALITY CORP., acted as the staffing agency providing employees to the Thesis Defendants to clean and maintain the Thesis Hotel Miami in Coral Gables (the "Staffing Agency").

9. The Corporate Defendants (Thesis Defendants and the Staffing Agency) share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of these four defendants. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

10. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.



www.saenzanderson.com

## COUNT I: WAGE AND HOUR VIOLATION BY
## THE CORPORATE DEFENDANTS

11.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 above as if set out in full herein.

12.     This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

13.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

14.     Upon information and belief, the annual gross revenue of each one of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.



www.saenzanderson.com

15.     Alternatively, the combined annual gross revenue of all of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

16.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a hotel and their managing companies and a staffing company, respectively and, through their business activities, affect interstate commerce.

17.     The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a housekeeper for the Corporate Defendants' business.

18.     While employed by the Corporate Defendants, Plaintiff worked approximately an average of **72-84** hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed. Plaintiff was employed as a housekeeper performing the same or similar duties as that of those other similarly situated housekeepers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

19.     Plaintiff worked for the Corporate Defendants from approximately January 2021 through June 2021 and then from approximately December 2021 through March 22, 2022. In total,



Plaintiff worked approximately **40** compensable weeks under the Act, or **40** compensable weeks if we count 3 years back from the filing of the instant action. Plaintiff was initially hired to work at the Thesis Hotel Miami through the Staffing Agency (from approximately April 11, 2021 through July 3, 2021), but then was hired directly to work for the owners/managers of Thesis Hotel Miami for the remainder of the time.

20.     The Corporate Defendants paid Plaintiff on average approximately $13-$14 per hour.

21.     However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

22.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

23.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

a.  **Actual Damages: $22,400**

b.  Calculation: $14 (hourly pay) x .5 (overtime rate) x 80 (approximate number of overtime hours) x 40 (compensable weeks) = $22,400

c.  **Liquidated Damages:** $22,400

d.  **Total Damages: $44,800** plus reasonable attorneys' fees and costs of suit.

24.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but



www.saenzanderson.com

6

no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

25.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

26.     The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

27.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate



www.saenzanderson.com

Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

<div align="center">

**COUNT II: WAGE AND HOUR VIOLATION BY**
**NASSIM N. CHAURIYE, SR. (OVERTIME)**

</div>

28.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

29.     At the times mentioned, Nassim N. Chauriye, Sr. ("Chauriye") was, and is now, the owner and/or main officer of the Staffing Agency. Chauriye was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Staffing Agency in relation to the employees of the Staffing Agency, including Plaintiff and others similarly situated. Chauriye had operational control of the Staffing Agency, was involved in the day-to-day functions of the Staffing Agency, managed and supervised Plaintiff's work schedule, and is jointly liable for Plaintiff's damages.

30.     Chauriye is and was at all times relevant a person in control of Staffing Agency's financial affairs and can cause the Staffing Agency to compensate (or not to compensate) its employees in accordance with the Act.

31.     Chauriye willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing



www.saenzanderson.com

8

Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Staffing Agency as set forth above.

32.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for Plaintiff and others similarly situated and against Chauriye on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

Dated: January 26, 2023

<div style="margin-left:50%">

Respectfully submitted,

By:   /s/ Julisse Jimenez
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

</div>



www.saenzanderson.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ **Julisse Jimenez**

## SERVICE LIST

Julisse Jimenez
E-mail: julisse@saenzanderson.com
R. Martin Saenz
E-mail: msaenz@saenzanderson.com
Tanesha W. Blye
E-mail: tblye@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

Elizabeth M. Rodriguez
E-mail: erodriguez@fordharrison.com
FordHarrison
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
*Counsel for Defendants*



www.saenzanderson.com

10