UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-22727-RKA

| | |
|---|---|
| **JAHEL GONZALEZ**, and other similarly situated individuals,<br><br>Plaintiff(s),<br><br>v.<br><br>**1350 S DIXIE LLC** d/b/a THESIS HOTEL MIAMI; **NRI REAL TOKEN TENANT, LLC** d/b/a THESIS HOTEL MIAMI; **HERSHA HOSPITALITY MANAGEMENT, LP** d/b/a Thesis Hotel d/b/a Sheraton Miami Airport; **LINK HOSPITALITY CORP.**, f/k/a **LINK SERVICES CC CORP**; and **NASSIM N. CHAURIYE, SR.**, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JAHEL GONZALEZ ("Plaintiff"), and Defendants, 1350 S DIXIE LLC d/b/a THESIS HOTEL MIAMI; NRI REAL TOKEN TENANT, LLC d/b/a THESIS HOTEL MIAMI; HERSHA HOSPITALITY MANAGEMENT, LP; LINK HOSPITALITY CORP., LINK SERVICES CC CORP and NASSIM N. CHAURIYE, SR. ("Defendants") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Parties' Settlement Agreement is attached as **Exhibit "A"** (the "Agreement")**.**

1

**I.     Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against whom she alleges were her former employers, which was adversarial in nature.

The Agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement for her FLSA claims.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged dates and time employed, the Plaintiff's alleged unpaid wages, her pay rate, the applicability of defenses, calculation of damages, and the applicable statute of limitations. Based on these discussions, the Parties formulated their own proposed discovery and trial strategy, and settlement figures.

The Parties then engaged in detailed and extensive settlement discussions, and participated in mediation and based upon their independent calculations and what they thought were their respective estimations should the case go to trial, negotiated a settlement for Plaintiff's FLSA claims.

Later, the Parties voluntarily agreed to the terms of their settlement at the conclusion of their mediation and jointly prepared the Settlement Agreement.

**II.    Terms of Settlement**

This case involved a claim for unpaid wages. The Plaintiff claimed that she worked for Defendants as an employee of the Defendants and that during the time she was employed she was not properly paid for all hours worked. The Defendants adamantly denied Plaintiff's claims.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's pay, hours worked, overtime paid, and time records. Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendants, the Parties agree that a global lump sum payment of $15,000.00 to Plaintiff is a fair compromise for her FLSA claims.[1]

As a result, the settlement agreed upon in this matter – total payment of $15,000.00 as full and final settlement of Plaintiff's FLSA claims, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $2,000.00 as payment to Plaintiff for alleged unpaid wages under the FLSA;

b. $6,562.95 as payment to Plaintiff for liquidated damages under the FLSA;

c. $1,249.40 payable to Plaintiff's counsel as reimbursement of costs;

d. $5,187.65 payable to Plaintiff's counsel as attorney's fees.

The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf for her FLSA claims. A copy of Saenz & Anderson, PLLC's billing records in support of this motion are attached as **Exhibit "B"**.

---

[1] The Parties have also resolved other some non FLSA claims which were not pending in this Court and for which a separate agreement exists. Counsel represent that the separate agreements do not taint the resolution of the FLSA claims, nor are they dependent on the FLSA terms.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Respectfully submitted,

| | |
|---|---|
| Julisse Jimenez<br>E-mail: julisse@saenzanderson.com<br>R. Martin Saenz<br>E-mail: msaenz@saenzanderson.com<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>*Counsel for Plaintiff* | Elizabeth M. Rodriguez<br>E-mail: erodriguez@fordharrison.com<br>FordHarrison<br>One S.E. 3rd Avenue, Suite 2130<br>Miami, Florida 33131<br>Telephone: (305) 808-2143<br>Facsimile: (305) 808-2101<br>*Counsel for Defendants 1350 S DIXIE LLC d/b/a THESIS HOTEL MIAMI; NRI REAL TOKEN TENANT, LLC d/b/a THESIS HOTEL MIAMI; HERSHA HOSPITALITY MANAGEMENT, LP d/b/a Thesis Hotel*<br><br>Irma T. Solares<br>E-mail: ISolares@carltonfields.com<br>Carlton Fields<br>2 Miami Central<br>700 NW 1st Avenue, Ste. 1200<br>Miami, Florida 33136-4118<br>Telephone: (305) 347.6843<br>Facsimile: (305) 530.0055<br>*Counsel for Defendants LINK HOSPITALITY CORP., f/k/a LINK SERVICES CC CORP* |

133360469.1